Good morning, your honors. May it please the court, Cullen O'Brien for the appellant. I'd like to reserve three minutes, please, for rebuttal. All right, please try to keep track of your own time if you can. Absolutely, your honor. Thank you. We're here, your honors, to ask this court to allow the appellant to pursue an injunctive relief remedy against the defendant arising out of alleged false advertising. When we filed the appeal, this court had not provided guidance to the district courts as to whether, if you're falsely deceived from a consumer product purchase, whether you still have standing to tell the company to stop false advertising. You think Davidson satisfies that now? Yes, your honor. I think Davidson's dispositive on the issue. We're gonna hear what your adversary says about that, but, you know, I tend to sort of agree with that. But, you know, you have this jurisdictional problem to deal with also. How do you handle that in light of Microsoft? Okay, so I don't think it's a problem, your honor. I think, if your honor's referring to the Supreme Court case in Microsoft, what the way I would distinguish that case, your honor, in Microsoft, the court was dealing with a tentative order on class certification. And part of the opinion that I would ask your honors to focus on as pages of the pin site, so the pin site 1711 and the pin site 1715. Because in both of those citations, the Supreme Court was talking about the tentative nature of the class certification order before it. Meaning, in fact, in 1711... You know, I'm sympathetic to your cause, by the way, because, you know, I like to have cases decided on the merits. That's my initial instinct, if it could be done. But we do have to pay attention to jurisdiction, even though we don't like it sometimes, perhaps. We still have to do it. But it seems to me that the underlying rationale of Microsoft was the fact that you avoided 23-F. You could have had an interlocutory application by using 23-F. And I think that was the underlying rationale of what Justice Ginsburg wrote in Microsoft. Why didn't you use 23-F? That's a great question, your honor. We... I disagree fundamentally with the difference between that case and this case. This was an order denying class cert based on standing. It's a dispositive order. It means that standing never changes. And in Microsoft, again, those pin sites 1711 and 1715, they talked about the tentative nature. And one of the things the Supreme Court did, they said, those guys could have done A, B, and C. And B was, tough it out in the district court, and maybe the district court would change its mind. Let me interrupt you again. Just tell me. I think that the underlying rationale in Microsoft is that, you know, you can't allow an end run around 23-F. That there is a remedy that, you know, is provided. That if you want to seek an interlocutory appeal, apply 23-F. You might have been successful in doing that. I think in Microsoft they did try to seek 23-F, and they were not able to abandon their case. So this case seems to be one that's even stronger because you never saw 23-F. But that's what they were writing about. That's the whole rationale. I read the opinion respectfully differently. The words that I would focus on is the tentative nature of the class certification order at issue. So class certification orders can always generally be changed. It's written into the rule. The case law is ample with class certification orders changing. This order could not change. The district court said... It could not have come and sought an interlocutory appeal under 23-F after the district court, improperly it turns out, I think, denied standing. Well, we could have. We could also have sought a petition for writ of mandamus, a petition for writ of certiorari. We could have done a lot of things, but what we did is not... Looking to revive the restitution claim that you voluntarily dismissed, right? I'm sorry, say that again. To revive the restitution claim that was dismissed. No, Your Honor. So is that a basis for distinction with the Microsoft case in that there, the dismissal was with prejudice, but the theory or the idea is that if they prevail on appeal, then those claims will be revived. Here you're saying, in essence, that there's nothing wrong with voluntarily foregoing one claim in the hopes of prevailing on another claim. You're not looking to revive the restitution claim if you go back on the injunctive relief claim, right? That's right, Your Honor. The main thrust was getting this company to stop false advertising. I understand that, but could you have brought a class action case without having a damage worker to survive the threshold that you need for class certification cases in federal court? In other words, could you have just brought a declaratory judgment action and an injunctive claim without having a damage claim to get you into federal court? I believe so, Your Honor. Don't you have to have a threshold minimum to be able to get it to federal court? You're talking about CAFA jurisdiction of 5 million? Yeah, yeah. We would allege that the value of what we're trying to do is over 5 million. You need to, you need the damage claim as your predicate in order to get it to federal court. How can you withdraw that? Well, Your Honor, jurisdiction on, when you get into federal court is based on the first complaint. We were going on the second amended complaint, which we narrowed just to the UCL that doesn't provide for certification order, docket 52, page 1 of the footnote. If we were to agree with that and you go back, you only have a declaratory judgment action that you seek to bring and an injunctive action or this idea of restitution. To me, when I read the district court judge's decision, it's kind of muddled. It says that you withdrew your restitution claim and that all you have left is declaratory judgment and injunction, right? Well, the main, yes, but I would say injunctive relief is the main claim. That's the claim. Anything else that we had alleged would have flown from entitlement to injunctive relief. In fact, the district court himself found that. If you look at docket entry 52, pages 2 and 9, the reason why he said we weren't entitled to declaratory relief was based on standing because he said... Standing covers everything. You had no standing to bring declaratory relief or injunctive relief that flows from that. You had standing to bring restitution to seek monetary damages, right? No, the district court talked about that on page 1 of his class certification order, docket number 52. It's the UCL. It's an equitable claim about having an injunctive remedy. Restitution is a possibility that flows from the injunctive relief. Let me try to see if I can look at this in a practical way, okay? Let's assume that I really feel strongly about the fact that Davidson now gives you standing, okay? And that if the district court had the benefit of would have marched on, there may have been other issues dealing with certification under 23A or B that, you know, it wasn't reached. They could reach it in the future, right? So when you go back now, the district court can say that you haven't established commonality, you haven't established all the other elements under 23A, and we come right back here again, right? I don't... That's one possibility, but we're asking your honors... First of all, I think we're gonna win class certification. The fact that he didn't rule on them, to me, is a window into that, but we're asking your honors to, if your honors want, could certify the class. But the difference, I want to make sure I'm clear about this, the difference in Microsoft and the difference in this case, it was not a dispositive standing issue. It was a tentative order that can change. Standing can never change. It's... I hear that, but you know, I don't know what my colleagues are going to think. Let me see whether we can look at this in a practical way. You have intervening decisions subsequent to bringing your lawsuit. Two of them. You have Microsoft and you have Davidson, right? Correct, Your Honor. Can't you just go back, you know, to the niceties of our procedural thicket here and bring a 60B application for reconsideration? The district court judge would obviously have to grant it because of intervening change in the law. I have not researched 60B. Seems to be that you would have that opportunity. I don't want to throw you out of court if I could avoid it. Yeah, I... We may have that ability. I haven't researched that, so I don't want to speak out of turn on that, but I believe that we are right on this appeal. There's jurisdiction for your honors to reverse the dismissal, reverse the class certification orders, and send us back down and allow for an injunctive... What if we don't agree with you? My colleagues may agree with you. I don't know. That's why we have oral argument. What if we do not agree with you? What's your status then? I don't know. If Your Honor's... It depends on what Your Honor's right. Let's think about it. You say that, you know, there's no jurisdiction here. You've withdrawn your restitution claim, so you have what left? We got a dismissal with prejudice. The court, the district court... As to the whole case, Your Honor, the case was dismissed with prejudice. Yeah. So you have to make an application for reconsideration on the grounds that you did have standing. I haven't researched that, Your Honor, and it seems that you would have that opportunity. Can we do that for you? I don't know. I don't know, and I don't want to speak incorrectly about the fact that I'm... And it's consistent with the law. I would welcome that, but Your Honor's, I think, would be well within Your Honor's discretion to distinguish Microsoft on the basis that that was a tentative class certification order that changes. Tentative class certification orders means, like, if you later prove an element or that you whittle down the class or something. We could never get injunctive relief, and the point of Microsoft was that someone has to tough it out in district court on their individual claims. There was nothing to tough out. We couldn't see conjunctive relief. We were done. Stopped right in the tracks. The main point of the whole case was getting the company to stop the alleged false advertising. Your Honor, that's my time. If Your Honor's have any questions, I'd save the rest for rebuttal. Well, there isn't any rest, but we'll give it to you anyway. Three minutes, if you want it, right? Yes. Thank you, Your Honor. Thank you. I'm going to ask you a question right away, right? So why is he not correct in the distinction that he posits in terms of Microsoft vis-a-vis this case? Your Honor, Microsoft against Baker is very, very clear that if a named plaintiff voluntarily dismisses their claim with prejudice, then they don't have, then this court lacks jurisdiction over an appeal that that same named plaintiff takes. Period. But there's a factual distinction in Microsoft because there, with the class allegations being stricken, nothing really precluded the plaintiff from proceeding with his individual case, right? But in this case, because it's a dismissal based on lack of standing, how could the plaintiff proceed on the injunctive relief case? Well, the court below was very clear that in lacking, despite lacking standing to pursue injunctive relief, the plaintiff retained standing to pursue both declaratory relief and restitutionary relief. And they did not, in fact, surrender restitution. What they did, they made very clear, was that they were not seeking class certification on the basis of restitution. In fact, I would draw the court's attention to the supplemental excerpts of record at page 36, which is, in fact, the page of the plaintiff's memorandum of law in support of their motion to dismiss, right? When they sought the dismissal, when they voluntarily surrendered their rights. And what they said there in paragraph four, is that on the basis of the uncertainty of the outcome of the case Jones against ConAgra, which was pending before this court, but had been stayed by this court. And in fact, they note that it had been stayed by this court because the Microsoft case had already been granted certiorari. They said because of that, they, that was the only reason they were not seeking rule 23b3 class certification in this case. That was the only reason they were not seeking that class. But they retained, they retained their restitutionary claim. They never, they never amended their complaint, sought to dismiss that aspect of their complaint. And in fact, I would also note for the, for the court that the, in the corrected excerpts of record on page 220, paragraph six, Mr. Torrent himself, in submitting a declaration on that motion for reconsideration, he said, I want Yuckholt to pay restitution to me and to the class, but I'm not seeking it at this time because of uncertainty about the Jones against ConAgra opinion. They never surrendered restitution. There's a, I think that the, the factual distinction judgment that you're drawing to my mind is a distinction without a difference for purposes of applying the pronouncement made in Microsoft. If a plaintiff voluntarily dismisses their case, they cannot seek relief from this court. So let me move on. The lower court did not have the benefit of the Davidson decision on the issue of standing. Would you agree that now, if Davidson was before the lower court, that the decision might be different? I don't believe the decision would be different. Don't think Davidson really gives standing here? I do not. Why not? Well, there are a few reasons. First of all, Davidson speaks to pleading standards, number one. And in fact, the court below found that the pleading was sufficient. The pleadings were sufficient in order to confer standing. What we were dealing with below, the decision that we're now coming up from, if we could come up from it, is class certification. And at the class certification stage, there is a demand for evidentiary proof. And the evidentiary proof that is required, as I would read Davidson, given the fact that it doesn't speak to evidentiary proof and only speaks to the standards of allegations, is it says that, first of all, Davidson stands, I think, for the very narrow proposition that it rejected the notion that injunctive relief is never available for a consumer who learns after purchasing a product that the label is false. But it doesn't take the completely contrary view that it's always available. And so the court then further specified that there are essentially two ways that one can plead sufficiently. One is that the consumer would have plausible allegations that they would be unable to rely on the product's advertising or labeling in the future. And so they would purchase it, but they wouldn't be able to rely on that. And the other is that... If we don't agree with you and think that Davidson controls the Article III standing in this case, what's the most efficient way to give the district court an opportunity to look at that? I don't believe that the district court should look at that because the plaintiff voluntarily dismissed their case. They didn't have to do so. In fact, already cognizant of the Jones-Conagra decision that had been stayed and the pendency of the Microsoft against Baker case, plaintiff could have sought a stay. They could have said, let's wait until we receive further guidance. They might have known that the Davidson case was also on appeal before this court and considered seeking a stay in that regard. Instead of doing that, they voluntarily surrendered their rights. They filed a motion to dismiss, and they asked for it with prejudice. And by the way, we contested that. Let's assume that we agree that we don't have jurisdiction. I'm not so sure that's what's going to happen, but assume that hypothetically. And then there was a 60B application because of Davidson and because of Microsoft. Would you oppose the 60B application on remand? Well, I would have to consult with my client on that, but I suspect that I would because if my position... If someone... Have to start another lawsuit, you know, and just go through the same type of process, right? Yes, I think if someone voluntarily... Harsh way to deal with the concepts of justice, isn't it? I don't think it's a harsh way of dealing with justice when it was within the plaintiff's control of whether they wanted to continue to pursue their case. No, but they were sort of caught between, what's the expression, silliness and shrewdness. They were involved in a situation. Microsoft hadn't been decided yet. Davidson hadn't been decided yet. I mean, fair is fair. I mean, these people are trying to litigate a matter of some substance. Well, but it seems to me... Two responses I have to that. One, it seems to me that what, Judge Block, what you're characterizing as fairness here is really a sense of, it's akin to the same death knell doctrine that was rejected in Coopers and Librand. And I also think that Microsoft really does speak to the fairness issue as well because this court, the Microsoft case was very clear, this court, no other federal court of appeals should ever be forced to address a class certification issue. Rule 23F leaves it in this court's discretion to hear it. And what the plaintiff is trying to do here, and what the court would countenance if it were to allow the plaintiff to go back, is to force this court to address an issue that it ought to be within this court's discretion to hear, and to do so by a means that was explicitly rejected in Microsoft. My gut instinct is possibly to agree with you since I have an oath of office that I took, all right? But I just wonder what the ultimate way this thing plays itself out because Davidson obviously could be held to be not the way you would like it to be in a Colorado court according to your predilections. I completely agree that the court below, or this court, or any other court might disagree with my interpretation of Davidson and how it would apply in a case such as this. But I don't even think we've reached that point. Moreover, I genuinely believe that Microsoft is completely dispositive of this issue. In fact, its entire discussion of... When I first took the bench a hundred years ago, I used to say, I don't mean to interrupt you, but then I realized I do mean to interrupt you. All right, so I got rid of the but. But I guess let's assume that I agree with you and I can convince my colleagues to go along with that, and I'm not so sure I can, and that I say there's no jurisdiction, we have an oath of office, we can't really distinguish Microsoft in this case. Let's assume that, okay? And could we sort of give sort of a kind of an advisory opinion on the issue of standing by saying that, you know, there could be a 60B application, and the court may want to consider Davidson in the context, and here's our sense of things. I mean, would that be sort of pushing the envelope out beyond our jurisdiction? Well, I think by your comments today, you're already doing so, and I would be I recall advisory opinions are not something that this court is supposed to engage in. Could this be the exception, perhaps, of kind of a unique situation? I would discourage the court from doing so, but again, that's your prerogative. What do you think about the fact that it's not only Davidson, there are other cases coming, or already issued, perhaps, on this subject. It's the interpretation of Microsoft, or even Microsoft. When the district court made its ruling, it didn't have the benefit of Microsoft, Davidson, and maybe one or two other cases that would be issued by the time we get around to doing anything. What procedural obstacles do you see to our remanding the case to allow the court, since it didn't have the benefit of those opinions, to consider its action in light of the current law? I see my time is up. May I answer the question? Yes. Thank you, Judge Rockhardt. The principal procedural obstacle that I see is that under Microsoft, this court lacks jurisdiction over this appeal, and therefore should not issue any decision directing remand, but should simply dismiss the case. We do not have jurisdiction to direct remand, is what you're saying. That's correct. Thank you. Thank you, Your Honors. May it please the court. Judge Reinhardt, as far as your suggestion, I think that's a viable solution to have the district judge... Can we do that without deciding whether we have jurisdiction? Can you issue an order without jurisdiction? I think Your Honors would have to decide whether you have jurisdiction, and I would note that my colleagues didn't file a motion to dismiss the appeal for lack of jurisdiction, so... I don't think that matters. I think if we have an obligation to decide jurisdiction, whether your colleague objected or not, doesn't matter. Right, sui sponte, Your Honor, but I would say that in a case where someone doesn't think someone else has jurisdiction, a motion to dismiss is something I normally see, but you're right, sui sponte, if Your Honors decided you did not have jurisdiction, I don't know whether you could remand. But I think Judge Nguyen's distinguishing of Microsoft is directly on point, and I would just ask Judge Block to think about what they were trying to get at in Microsoft. They wanted the the plaintiffs to tough it out on the remaining claims because things could change. So if Your Honors would look at the class certification order, it's docket number 52, and I'm on page 9. The district judge tied everything to injunctive relief. He tied declaratory relief to injunctive relief. But you're saying standing trumps it all, and that's what makes Microsoft different. This is a standing determination and not one that really impacts class certification. Correct, and in terms of statute that's a little different, it's the UCL, it's California's unfair competition statute. Restitution would flow from ultimate relief. So it's not it's not damages in the traditional sense, and the district judge spelled that out in docket number 52, page 1. So as far as providing guidance, I think Your Honors would be within your discretion to provide dicta to other I guess, like I said, unless Your Honors just dismissed without jurisdiction, I think Your Honors, a remand, if Your Honors don't give us the relief we ask for, to have the district court consider Microsoft and Kimberly Davidson, and that that's also viable. I guess it raises the question what I was thinking of, because the district judge entered a motion to dismiss over opposition. If this court didn't have jurisdiction, then that court, then the district court shouldn't have granted dismissal with prejudice. Unless Your Honors have further questions, I'd... Thank you, counsel. Thank you, Your Honors.
judges: Reinhardt, Nguyen, Block